**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America, | Case No.: 2:13-cr-00148-JAD-GWF-2 |
| Plaintiff | |
| v. | **Order Denying Motion to Vacate Sentence** |
| Alexis Torres Simon, | [ECF No. 395] |
| Defendant | |

Alexis Simon is serving a 192-month federal prison sentence after a jury found him guilty of being a felon in possession of a firearm and a slew of other federal crimes.[1] Simon moves under 28 U.S.C. § 2255 to vacate his felon-in-possession conviction under the Supreme Court's recent decision in *Rehaif v. United States*, which clarified that a defendant must be aware of his status as a felon in order to be convicted of this firearm offense.[2] Despite the complexity of § 2255 habeas proceedings, Simon's case can be summed up simply. Unlike the *Rehaif* defendant, who was unaware that overstaying his visa meant that he was the type of person no longer permitted to own recreational firearms, Simon was a known felon who, at the time of conspiring to abduct a truck driver transporting narcotics, cannot reasonably claim that he was unaware that he had been previously convicted of crimes with sentences exceeding one year. So I find that Simon procedurally defaulted his claim because he cannot show a *Rehaif* error prejudiced his trial, and I deny his motion.

---

[1] ECF Nos. 254, 312, 316. The Ninth Circuit affirmed his judgment in 2015. *See* ECF No. 350.

[2] *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

## Discussion[3]

A federal prisoner may attack the legality of his conviction under 28 U.S.C. § 2255 by showing that "the sentence was imposed in violation of the Constitution or the laws of the United States," "the court was without jurisdiction to impose such a sentence," the sentence was in "excess of the maximum authorized by law," or the sentence is "otherwise subject to collateral attack."[4] A prisoner filing a claim for federal habeas relief under § 2255 is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[5]

Relying on the Supreme Court's decision in *Rehaif v. United States*, Simon argues that his conviction violates the laws of the United States. In *Rehaif*, a defendant successfully challenged his conviction for possessing a firearm as an alien unlawfully in the United States in violation of 18 U.S.C. § 922(g).[6] Overturning a broad consensus among the circuit courts, the Supreme Court held that, in order to establish a violation of § 922(g), the government "must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."[7] But *Rehaif* was a unique case: the defendant—a student who'd overstayed his nonimmigrant visa—was unaware of his status,

---

[3] Because the parties are familiar with the facts, I do not repeat them here except as necessary to my analysis.

[4] 28 U.S.C. § 2255(a).

[5] *Id.* § 2255(b); *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) ("We have characterized this standard as requiring an evidentiary hearing where 'the movant has made specific factual allegations that, if true, state a claim on which relief could be granted.'") (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). I find this motion suitable for resolution without an evidentiary hearing.

[6] *Rehaif*, 139 S. Ct. at 2191.

[7] *Id.* at 2200.

which precluded him from enjoying the "innocent" activity of owning and shooting firearms at a firing range.[8]  Invoking *Rehaif*'s reasoning, Simon attacks his 18 U.S.C. §§ 922(g)(1) and 924(a)(2) conviction, arguing that it was fatally defective because the superseding indictment and the jury instructions failed to allege both that Simon knew at the time of his conviction that he belonged to the "category"[9] of persons barred from possessing a firearm and that he knew he was barred from possessing a firearm.[10]  He claims that these defects violated his rights under the Fifth and Sixth Amendments.

## I. Procedural default

The government argues that Simon procedurally defaulted his claim because he did not challenge the sufficiency of his indictment on direct appeal.  The "extraordinary remedy"[11] of federal habeas "is not designed to provide criminal defendants multiple opportunities to challenge their sentence."[12]  When a "criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do," he must demonstrate either "cause excusing his procedural default" and "actual prejudice resulting from the claim of error," or actual innocence.[13]  The government points out that Simon does not assert an actual innocence claim and argues that Simon cannot show cause excusing his failure to raise these claims on appeal or

---

[8] *Id.* at 2194–95.

[9] For Simon, that category is the class of persons convicted of a crime punishable by imprisonment for a term exceeding one year—in other words, convicted felons.  *See* ECF No. 77 at 5 (superseding indictment charging violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)).

[10] ECF No. 395 at 5.

[11] *Bousley v. United States*, 523 U.S. 614, 621 (1998).

[12] *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

[13] *Id.* (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)); *Bousley*, 523 U.S. at 1611 ("Petitioner's claim may still be reviewed in this collateral proceeding if he can establish that the constitutional error in his plea colloquy 'has probably resulted in the conviction of one who is actually innocent.'") (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

that he was prejudiced.[14] Simon claims that (1) his indictment failed to assert a predicate offense, robbing this court of jurisdiction and excusing any procedural default; (2) the *Rehaif* decision effected a sea change in the law, excusing his failure to directly appeal his conviction; and (3) he was actually prejudiced or, in the alternative, the structural errors plaguing his conviction relieve him of the obligation to show prejudice.[15]

### A. This court has jurisdiction over Simon.

Simon argues that his claim is exempt from the procedural-default rule because, under *Rehaif*, the superseding indictment fails to properly allege an "offense" against the United States.[16] This court "has jurisdiction [over] all crimes cognizable under the authority of the United States."[17] In *United States v. Cotton*, the Supreme Court unequivocally held that "defects in an indictment do not deprive a court of its power to adjudicate a case."[18] The Ninth Circuit, other circuits, other judges within this district, and this court have repeatedly affirmed that an indictment's "omission of the knowledge[-]of[-]status requirement d[oes] not deprive the district court of jurisdiction."[19] So even presuming the validity of Simon's *Rehaif*-based claim, the

---

[14] ECF No. 397 at 4.

[15] ECF Nos. 395, 398.

[16] ECF No. 398 at 11.

[17] *Lamar v. United States*, 240 U.S. 60, 65 (1916).

[18] *United States v. Cotton*, 533 U.S. 625, 630 (2002).

[19] *E.g.*, *United States v. Espinoza*, 816 F. App'x 82, 84 (9th Cir. 2020) (citing *Cotton*, 535 U.S. at 631); *United States v. Velasco-Medina*, 305 F.3d 839, 845–46 (9th Cir. 2002) (reasoning that *Cotton*'s holding applies where "an indictment[] fail[s] to allege the specific intent required" for a crime)); *United States v. Moore*, 954 F.3d 1322, 1336 (11th Cir. 2020) ("[T]he law is clear: the omission of an element in an indictment does not deprive the district court of subject-matter jurisdiction."); *United States v. Kelbch*, No. 3:17-cr-00040, 2021 WL 96242, at *2 (D. Nev. Jan. 7, 2021); *United States v. Reynolds*, No. 2:16-cr-000296, 2020 WL 5235316, at *3 (D. Nev. Sept. 2, 2020) (Dorsey, J.). Simon cites no case to the contrary. *See, e.g.*, ECF No. 398 11–15.

deficiency he identifies in his indictment does not preclude this court from exercising its jurisdiction.

### B. Simon has shown cause, but not prejudice, to stave off procedural default.

The government correctly notes that Simon did not challenge on direct appeal the superseding indictment's failure to allege—or the government's failure to prove—that he knew that he had been convicted of a crime punishable by a term of imprisonment exceeding one year.[20] But "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures."[21] *Rehaif*'s holding is just such a novel claim, given that it "overturn[s] a longstanding and widespread practice to which [the] Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved."[22] So I find that Simon has sufficiently shown cause to excuse his failure to raise this argument on direct appeal.

Simon has failed, however, to meet his burden of demonstrating that he was prejudiced by the government's omission. Actual prejudice "requires the petitioner to establish 'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage."[23] To prove a felon-in-possession charge, the government's obligation is not "burdensome," and it may be inferred from circumstantial evidence.[24] At the time of his conviction, Simon had been previously convicted of several felonies and sentenced to a term of

---

[20] ECF No. 350.
[21] *Reed v. Ross*, 468 U.S. 1, 16 (1984).
[22] *Reed*, 468 U.S. at 17.
[23] *Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir. 2019) (emphasis omitted).
[24] *Rehaif*, 139 S. Ct. at 2198.

5

imprisonment exceeding one year.[25] And at trial, Simon stipulated that he had been "convicted of a crime punishable by imprisonment for a term exceeding one year."[26] This evidence proves beyond a reasonable doubt that Simon—unlike the *Rehaif* defendant—well knew at the time of his offense that he had been convicted of "a crime punishable by imprisonment for a term exceeding one year."[27] Thus, even if his indictment had stated and the jury been instructed to find the mens rea element recognized in *Rehaif*, Simon's verdict on the felon-in-possession count would have been the same.[28] So I find that Simon has failed to show that he was prejudiced by this omission.

### C. Simon's deficient indictment does not present a structural error.

In the alternative, Simon argues that he need not show actual prejudice to overcome procedural default because his trial's deficiencies are structural, in violation of the Fifth and Sixth Amendments.[29] At the outset, Simon mischaracterizes *Rehaif*'s holding by arguing that it requires the government to both prove that Simon knew he belonged to the category of persons prohibited from possessing firearms *and* that he himself knew that he was barred from owning

---

[25] Presentence Investigative Report at ¶ 72.

[26] ECF Nos. 240 at 1; 294 at 68.

[27] 18 U.S.C. § 922(g)(1).

[28] *See, e.g.*, *United States v. Hollingshed*, 940 F.3d 410, 416 (8th Cir. 2019) (finding defendant not entitled to relief under *Rehaif* when he stipulated at trial that he was a convicted felon and could not show a reasonable probability that the outcome of the proceedings would have been different); *Whitley v. United States*, No. 04 CR. 1381, 2020 WL 1940897, at *2 (S.D.N.Y. Apr. 22, 2020) ("[A]ny argument that Whitley was prejudiced therefrom is belied by the sheer implausibility that, after having been convicted of multiple prior felony convictions for which sentences exceeding one year had been imposed, and having in fact served more than a year in prison in connection therewith . . . , Whitley nevertheless lacked the requisite awareness of his restricted status.").

[29] ECF No. 398 at 10; *see also United States v. Withers*, 638 F.3d 1055, 1066 (9th Cir. 2011) (noting that structural errors can satisfy the procedural-default rule's prejudice requirement).

firearms. *Rehaif* does not require that a § 924(g) defendant know that he was barred from possessing a firearm; it clarifies that the government must demonstrate that a defendant "knew he belonged to the relevant category of persons barred from possessing a firearm."[30] This subtle distinction is an important one. As the Ninth Circuit reasoned in *United States v. Singh*, requiring the government to prove that "the defendant knew his or her status prohibited firearm ownership or possession," and not merely that the defendant belonged to the category of those prohibited from owning a firearm, "would improperly raise the scienter requirement of § 924(a)(2) from 'knowingly' to 'willfully.'"[31] So the government "must prove only that [Simon] knew, at the time he possessed the firearm, that he belonged to one of the prohibited status groups enumerated in § 922(g)."[32]

In light of *Rehaif*'s limited scope, I am not convinced that the government's failure to include an element of Simon's § 922(g) charge presents a structural error. "[C]ertain errors, termed structural errors might affect substantive rights regardless of their actual impact on an appellant's trial."[33] As opposed to simple errors "in the trial process itself,"[34] structural errors "go to the framework within which judicial proceedings are conducted," requiring "'automatic reversal of the conviction.'"[35] The Supreme Court has narrowed the types of errors that may be deemed structural, recognizing errors like deprivation of counsel, lack of an impartial trial judge,

---

[30] *Rehaif*, 139 S. Ct. at 2200.

[31] *United States v. Singh*, 979 F.3d 697, 727 (9th Cir. 2020).

[32] *Id.* at 728. Given Simon's misreading of *Rehaif*, I decline to consider any alleged errors predicated on the court's failure to instruct the jury that Simon needed to know he could not possess a firearm.

[33] *United States v. Marcus*, 560 U.S. 258, 263 (2010) (citations omitted).

[34] *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991).

[35] *McKinney v. Ryan*, 813 F.3d 798, 821 (9th Cir. 2015) (en banc).

violations of the right to self-representation and a public trial, and an erroneous reasonable-doubt instruction as sufficiently egregious to excuse a claimant from proving actual prejudice.[36] But structural errors must necessarily affect all aspects of a trial; they cannot be merely potentially damaging.[37]

While the Ninth Circuit has yet to definitively rule that a *Rehaif* error is not structural,[38] its recent decisions have repeatedly recognized that *Rehaif*'s reach is limited. In *Tate v. United States*, for example, the Ninth Circuit determined that the *Rehaif* Court announced a statutory rule and "did not invoke any constitutional provision or principle," thus its holding could not sustain a successive § 2255 challenge.[39] And the panels in *United States v. Benamor* and *United States v. Johnson* declined to treat a *Rehaif* error as structural and instead applied plain-error review, declining to overturn sentences when the defendant failed to "show how the fairness, integrity, or public reputation of judicial proceedings would be adversely affected by affirming his conviction."[40] Other circuits almost uniformly agree that omission of the knowledge-of-status requirement should not be treated like a structural error.[41] And the Fourth Circuit, which

---

[36] *See Marcus*, 560 U.S. at 263.

[37] *Accord Weaver v. Massachusetts*, 137 S. Ct. 1899, 1907 (2017).

[38] *See, e.g.*, *United States v. Espinoza*, 816 F. App'x 82, 84–85 (9th Cir. 2020) (expressing "no view" on whether "the district court's failure to inform of him of the knowledge[-]of[-]status element constituted a 'structural error' that per se affected his substantial rights").

[39] *Tate v. United States*, 982 F.3d 1226, 1228 (9th Cir. 2020).

[40] *United States v. Johnson*, No. 18-10016, 2020 WL 6305981, at *3 (9th Cir. Oct. 28, 2020) (declining, like the *Espinoza* panel, to consider whether a *Rehaif*-style error is structural); *United States v. Benamor*, 937 F.3d 1182, 1189 (9th Cir. 2019) (applying the plain-error test and determining that "an error in not instructing the jury to make such a [*Rehaif*] finding did not affect [the d]efendant's substantial rights or the fairness, integrity, or public reputation of the trial").

[41] *See, e.g.*, *United States v. Burghardt*, 939 F.3d 397, 403–05 (1st Cir. 2019); *United States v. Hicks*, 958 F.3d 399, 401–02 (5th Cir. 2020) (rejecting the notion that a *Rehaif* error is structural); *United States v. Coleman*, 961 F.3d 1024, 1029–30 (8th Cir. 2020) (rejecting the

8

remains the lone court to hold that this omission is structural,[42] declined to revisit the issue en banc and, instead, called for the Supreme Court to resolve this rift within the circuits.[43] I agree with the reasoning of the majority of the circuit courts. Not only has the Supreme Court held that a district judge's failure to instruct the jury on an offense element (which is similar to an indictment's omission of an element) does not amount to structural error,[44] but the *Rehaif* Court remanded for harmless-error review rather than reversing the conviction outright.[45] So I decline to excuse Simon from making a showing of actual prejudice, and I deny his § 2255 motion.

## II.   Certificate of appealability

To appeal this order, Simon needs a certificate of appealability from a circuit or district judge.[46] In deciding whether to grant one, I consider if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[47]

---

argument that a plea suffering from a *Rehaif* error is structural and applying a reasonable-probability standard to the third prong of plain-error review); *see also United States v. Balde*, 943 F.3d 73, 97–98 (2d Cir. 2019) (noting that in some cases a *Rehaif* error may have no effect on a defendant's conviction or decision to plead guilty).

[42] *United States v. Gary*, 954 F.3d 194, 205–06 (4th Cir. 2020), *cert granted* No. 20-444, 2021 WL 77245 (Mem), 21 Cal. Daily Op. Serv. 214 (Jan. 8, 2021).

[43] *United States v. Gary*, 963 F.3d 420, 420 (4th Cir. 2020) (en banc) (Wilkinson, J., concurring) ("I concur in the denial of rehearing en banc for one reason and one reason only. The panel's holding is so incorrect and on an issue of such importance that I think the Supreme Court should consider it promptly . . . . Is it eight—or nine—circuits that disagree with us? I have lost count, but the ranks are growing.").

[44] *Neder v. United States*, 527 U.S. 1, 25 (1999); *see also United States v. Dominguez Benitez*, 542 U.S. 74, 81 n.6 (2004) ("The omission of a single Rule 11 warning without more is not colorably structural.").

[45] *Rehaif*, 139 S. Ct. at 2200.

[46] 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1).

[47] *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks omitted).

Although this standard is "lenient,"[48] I find that Simon's challenge does not meet it. So I deny him a certificate of appealability.

## Conclusion

IT IS THEREFORE ORDERED that Simon's motion to vacate under 28 U.S.C. § 2255 **[ECF No. 395] is DENIED**. The Clerk of Court is **DIRECTED to enter a separate civil judgment denying Simon's § 2255 petition and denying a certificate of appealability**. The Clerk must also file this order and the civil judgment in this case and in the related civil case: 2:20-cv-01143.

_____
U.S. District Judge Jennifer A. Dorsey
February 1, 2021

---

[48] *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).